UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NANCY BALITEWICZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:3:14-CV-2077-JEM |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Remand [DE 22], filed by the Commissioner on September 21, 2015. Plaintiff filed a response on September 29, 2015, and on October 13, 2015, the Commissioner filed a reply.

**A.     Procedural Background**

On April 17, 2012, Plaintiff filed an application for disability insurance benefits and supplemental security income with the U.S. Social Security Administration ("SSA"). Plaintiff claims that she is disabled and unable to work due to a combination of spinal disorders, depression, anxiety, obesity, sleep apnea, and headaches. Plaintiff's initial application was denied. On May 22, 2013, Administrative Law Judge ("ALJ") W. Sampson held a hearing, and on August 29, 2013, he issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner.

On December 19, 2014, Plaintiff filed a Complaint seeking reversal of the adverse SSA determination. On March 23, 2015, the parties filed consent forms assigning the case to the undersigned United States Magistrate Judge to conduct all further proceedings and to order entry of a final judgement. Accordingly, this Court has jurisdiction to decide this case pursuant to 28

U.S.C. § 636(c) and 42 U.S.C. § 405(g).

On June 12, 2015, Plaintiff filed a brief requesting that the matter be reversed and remanded to the SSA for further proceedings, or alternatively, reversed and remanded with full benefits paid. The Commissioner did not directly respond to Plaintiff, but instead, filed the instant Motion moving for remand to the SSA for further proceedings pursuant to sentence four of Section 405(g) of the Social Security Act.

**B.      Standard of Review**

The Social Security Act authorizes judicial review of a final decision of the SSA. 42 U.S.C. § 405(g). Under sentence four of Section 405(g), federal courts have "the power to enter, upon the pleadings and transcript of record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). At minimum, proper resolution of the Commissioner's decision requires that the ALJ explain his specific reasons for accepting or rejecting the proffered medical evidence and articulate his analysis of that evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the relevant evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595–96 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (reasoning that an "ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions.").

**C. Analysis**

In this case, the parties agree that there were multiple errors in the ALJ's decision denying Plaintiff's claim for benefits and that a reversal and remand of the Commissioner's decision pursuant to sentence four of Section 405(g) is warranted. The dispute is over the grounds for reversal and remand and what concomitant instructions the ALJ should be provided. The Commissioner requests reversal and remand pursuant to sentence four of Section 405(g) and a de novo hearing with an the entry of a new decision from the ALJ, but Plaintiff argues that the Commissioner's request is too general. She requests that the Court order the Commissioner to respond to the issues raised in her brief and reverse and remand pursuant to sentence four of Section 405(g) with an order requiring that the ALJ consider the issues she raises in her brief, or alternatively, reverse and order full benefits paid.

In the instant Motion, the Commissioner requests that on remand the Court order the ALJ to

> reevaluate Plaintiff's mental residual functional capacity and include all of her credible limitations that adequately reflect her capabilities; offer Plaintiff the opportunity for a hearing, take further action to complete the administrative record, and issue a new decision. The ALJ should explain how Plaintiff's mental impairments limit her ability to perform work related activities, and should support his findings with the medical and nonmedical evidence of record.

Plaintiff contends that this proposed language simply requires the ALJ to follow the law without clarifying his previous errors. Plaintiff argues that if the Court does not award paid benefits, the ALJ should be specifically required on remand to consider the medical opinions of her treating sources, Dr. Hunter and NP Meeks, the work limitations attendant to her chronic headaches, and her difficulties with concentration, persistence, and pace.

Despite Plaintiff's argument, the language proposed by the Commissioner provides more

3

direction than simply directing the ALJ to follow the law. Although Plaintiff argues that the Commissioner's remand language does not address the arguments she raises in her brief, the requirement that the ALJ reevaluate all of Plaintiff's credible limitations and support those findings with specific medical evidence necessarily encompasses those arguments. The Court agrees with Plaintiff that the ALJ's initial error of overlooking the opinion evidence of Dr. Hunter and NP Meeks demands that Plaintiff's request for a specific remand instruction be granted to avoid the possibility that a similar error is repeated, and that instruction will be incorporated. *Degrazio v. Colvin*, 558 Fed. Appx. 649, 650–51 (7 th Cir. 2014) (holding that a sentence four remand "depends on a finding of error in the Commissioner's decision.").

Plaintiff also requests that the Court reverse the Commissioner's decision and remand for an award of benefits. However, an award of benefits is not proper when there remain outstanding factual issues, *Briscoe v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005), and the record does not yet support a finding of disability. *Allord v. Asture*, 631 F.3d 411, 417 (7th Cir. 2011). In this case, the parties agree that the ALJ failed to consider the entirety of the record. That the ALJ failed to properly consider all the evidence, particularly the evidence of Plaintiff's treating medical providers, does not support a finding by this Court that the evidence demonstrates Plaintiff's disability under the Social Security Act. The ALJ must review the record in accordance with this requirement and fully explain how all of Plaintiff's limitations are accounted for, supported by evidence, and incorporated by into her RFC. In this case, because the ALJ has not considered all the relevant evidence, this can only be resolved through a remand for further proceedings.

**D.**     **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS**, **but for relief different than**

**requested,** the Commissioner's Motion to Remand [DE 22], **REVERSES** the Administrative Law Judge's decision, and **REMANDS** this matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On remand, the Appeals Council will direct the ALJ to reevaluate Plaintiff's mental residual functional capacity and include all of her credible limitations that adequately reflect her capabilities. Plaintiff will be afforded the opportunity to testify, submit evidence, including the medical opinion of treating sources Dr. Hunter and NP Meeks, and present arguments; the ALJ will adequately explain how Plaintiff's mental impairments limit her ability to perform work related activities and will account for her limitations attendant to chronic headaches, concentration, persistence, and pace. The ALJ will support his findings with the medical and nonmedical evidence of record. If necessary, the ALJ will obtain supplemental vocational expert testimony to assist in determining what jobs exist in significant numbers for Plaintiff in the national economy, and the ALJ will issue a new decision.

The Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Plaintiff and against the Commissioner.

So ORDERED this 25th day of January, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record